IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA MOSS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-184 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Brenda Moss Martin appeals the decision of the Acting Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for DIB and SSI on July 22, 2011, alleging a disability onset date of July 6, 2011. Tr. ("R."), pp. 224-237. Plaintiff's last insured date ("DLI") for purposes of the DIB application is March 31, 2017. R. 10. Although Plaintiff was fifty-one years old at the time she applied for DIB and SSI, she was fifty-four years old at the date of the administrative

hearing and was thirteen days short of being fifty-five years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 7, 10, 224, 231. Plaintiff initially alleged she was disabled due to a herniated disc and right hand problems. R. 257. Plaintiff has a high school education and, prior to her alleged disability, had accrued relevant work history as a weaving machine operator. R. 26, 45, 257-58.

The Social Security Administration denied Plaintiff's application initially, R. 75-76, and on reconsideration. R. 77-82. After an initial hearing, an ALJ issued an unfavorable decision, but the Appeals Council ("AC") vacated and remanded for further consideration. R. 83-105. A second hearing was held on January 28, 2015. R. 25-50. At this hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, and Robert E. Brabham, Jr., a Vocational Expert ("VE"). Id. On April 9, 2015, the ALJ issued an unfavorable decision. R. 7-19.

Applying the sequential process required by 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ found:

1. The claimant has not engaged in substantial gainful activity since July 6, 2011, the alleged onset date. 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*

2. The claimant has the following severe impairments: right shoulder impingement syndrome secondary to a rotator cuff tear; degenerative disc disease of the cervical spine, status post anterior cervical diskectomy and fusion; residual pain at the left ankle, status post arthroplasty; residual difficulty at the right ring finger, status post trigger finger release; status post left wrist fracture with surgical repair; and carpal tunnel syndrome. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] except for the following limitations: no more than occasional climbing of ramps or stairs; no climbing of ladders, ropes, or scaffolds; no more than frequent balancing; no more than occasional stooping; no kneeling, crouching, or crawling; no overhead reaching with the right upper extremity; no more than occasional overhead reaching with the left upper extremity; no more than frequent fingering with the left upper extremity; and avoidance of concentrated exposure to machinery and heights. Thus, the claimant is unable to perform any past relevant work. 20 CFR §§ 404.1567(b), 416.967(b).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including production inspector, gas station cashier, and parking lot attendant. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).) Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from July 6, 2011, through April 9, 2015, the date of the ALJ's decision. 20 C.F.R §§ 404.1520(g) and 416.920(g).

R. 12-19.

When the AC denied Plaintiff's request for review, R. 1-4, the Commissioner's decision became "final" for purposes of judicial review. 42 U.S.C. § 405(g). Plaintiff was fifty-six years old when the AC denied review. R. 1, 224. Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions:

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

(1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not

subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to: (1) explain his findings regarding Plaintiff's RFC; (2) properly evaluate whether the Grid Rule for advanced age should be applied; (3) consider whether the light or sedentary grid rule should apply given the erosion of the occupational base with numerous exertional impairments; and (4) consider all relevant factors in the credibility determination. See doc. no. 15 ("Pl.'s Br.") & doc. no. 17 ("Pl.'s Reply"). The Commissioner maintains: (1) substantial evidence supports the ALJ's RFC finding; (2) the ALJ properly used the grids as a framework; and (3) substantial evidence supports the ALJ's credibility finding. See doc. no. 16 ("Comm'r's Br."). As explained below, the ALJ thoroughly considered the evidence regarding Plaintiff's exertional limitations and incorporated that evidence into his RFC formulation. The ALJ also properly used a VE to determine that Plaintiff is not disabled. Finally, the ALJ's credibility determination was supported by substantial evidence. Therefore, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).

Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R. §§ 404.1567, 416.967. Here, the ALJ determined Plaintiff has the ability to perform light work with several additional limitations. R. 13. "Light work" is defined as work that involves

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

In determining at step four in the sequential process whether Plaintiff's RFC for light work would allow her to perform past relevant work, the ALJ consulted the VE in accordance with 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2), which provides as follows: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." The VE identified production inspector, gas station cashier, and parking lot attendant as work a hypothetical individual with the Plaintiff's age, education, and past job experience could perform and that exist in Georgia and the national economy. R. 46-47.

## B. The ALJ Properly Considered Plaintiff's Exertional Limitations in Formulating His RFC.

Plaintiff contends the ALJ failed to explain the minimal limitations in the RFC assessment, given the severe impairments found by the ALJ. Pl.'s Br., p. 14. The ALJ included several limitations to Plaintiff's ability to do light work in his RFC determination. R. 13. The ALJ considered both objective medical evidence and Plaintiff's subjective allegations when determining what limitations to include. R. 14-17. The ALJ determined that none of Plaintiff's impairments required intensive treatment based on the statements of her treating physicians. R. 14-17. Specifically, the ALJ found Plaintiff's cervical degenerative disc disease, left ankle pain, right shoulder impingement syndrome, right ring trigger finger, left wrist fracture, and carpal tunnel syndrome could all be treated with conservative care and treatment. R. 14-16, 345, 353, 359, 379, 423, 426, 437, 478, 499. The treatment records indicate Plaintiff has pain with reduced range of motion in her right shoulder and decreased grip strength on one examination with otherwise normal strength, bulk, and tone in her arms. R. 423-24, 426. The ALJ stated the

limitations set forth in his RFC determination were an "accurate reflection" of the entire record, including the medical evidence and claimant's subjective allegations. R. 18.

Additionally, Plaintiff argues remand is necessary because the ALJ failed to cite the opinion of a state agency physician, who found that Plaintiff's ability to reach in all directions, including overhead, is limited. Pl.'s Reply, p. 1; R. 314. As Plaintiff contends, the ALJ did not cite the opinion of the state agency physician. However, Plaintiff's impairment concerning her ability to reach overhead was adequately considered in the ALJ's decision and is reflected in the RFC. R. 13-14. The ALJ limited Plaintiff from reaching overhead with the right upper extremity and from reaching overhead with the left upper extremity more than occasionally. R. 13. Thus, the ALJ's RFC determination is not undermined by his failure to cite the report of the state agency physician. "'[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("[T]he ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits . . . .").

Plaintiff also claims the RFC does not account for limitations associated with the severe impairment of right shoulder impingement. Pl.'s Reply, p. 2. This is contrary to the record. The ALJ included Plaintiff's right shoulder impingement as a severe impairment and, accordingly, limited her RFC to "no overhead reaching with the right upper extremity." R. 12-13. Furthermore, in his decision, the ALJ cited the exact reports Plaintiff accuses him of overlooking. Pl.'s Reply, p. 2; R. 15, 436-37, 490, 494.

In sum, the ALJ's analysis of Plaintiff's exertional limitations is supported by substantial evidence.

**C.     The ALJ Properly Used the Grids Solely as a Framework.**

**1.   The Standard for Using Grids as a Framework with VE Consultation.**

At step four of the sequential evaluation process, the ALJ determined Plaintiff is unable to perform past relevant work but had the RFC to perform unskilled light work, subject to exertional limitations. R. 13, 17. Thus, the burden shifted to the Commissioner at step five to show the existence of substantial gainful employment that Plaintiff could perform given her age, education, previous work experience, and RFC. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). To make this determination, the ALJ may apply the Grids or consult a VE. Id. at 1239-40. The Grids "consist of a matrix of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant number in the national economy." Heckler v. Campbell, 461 U.S. 458, 461-62 (1983). The Grids direct a determination on disability when a claimant's circumstances coincide with the criteria of a particular rule listed in the Grids. Id. at 462; Rule 200.00(a), 20 C.F.R. Pt. 404, Subpt. P, App. 2.

However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." Phillips, 357 F.3d at 1242 (internal citations omitted) (emphasis in original). If the plaintiff's ability to perform the full range of work of an occupational base is eroded because of exertional limitations, "the ALJ must consult a vocational expert to determine whether there are sufficient jobs . . . within the national economy [plaintiff] can perform." Id.

## 2.  The ALJ Properly Used the Grids as a Framework and Consulted a VE After Finding Erosion of the Occupational Base.

Plaintiff argues the ALJ improperly used the Grid for light work as a framework for his decision.  Pl.'s Br., p. 20.  The ALJ determined Plaintiff's postural, manipulative, and reaching limitations prevented her from performing the full range of light work but she was also not limited to sedentary work.  R. 13.  Thus, the strict application of a light work or sedentary work Grid rule was not possible.  R. 13.  Because of the exertional limitations on Plaintiff's ability to perform the full range of light work, the ALJ was required to consult a VE to make his disability determination.  Phillips, 357 F.3d at 1242.  Because the ALJ could not rely on the Grids, it was the testimony of the VE, not the Grids, that the ALJ used to determine whether Plaintiff was disabled.  Thus, the ALJ properly used the VE to determine that a number of jobs exist in the national and state economy Plaintiff can perform, based on her age, education, work experience, and RFC.  R. 17-18, 45-49.

Additionally, Plaintiff contends that her age posed a "borderline situation," which the ALJ failed to consider in making his determination.  Pl.'s Br., p. 17.  A borderline situation occurs when a plaintiff is within "a few days to a few months of reaching an older age category." 20 C.F.R. § 404.1563; Roark v. Comm'r of Soc. Sec., No. 6:24-cv-84, 2015 WL 1288140 at *3 (M.D. Fla. Mar. 20, 2015).  Age categories are not to be applied mechanically in these situations. "[T]here must be, at a minimum, some showing that the ALJ considered the overall factors in the claimant's case, including age and other vocational factors, before applying a particular age category."  McShane v. Comm'r of Soc. Sec., No. 8:15-cv-677, 2016 WL 836690 at *3 (M.D. Fla. Mar 4, 2016).  However, where the ALJ cannot rely on the Grids due to erosion of a claimant's occupational base and uses the testimony of a VE for his disability determination, a

finding that the claimant is of advanced age or closely approaching advanced age is "essentially theoretical" and thus not necessary to the ALJ's disability determination. Miller v. Comm'r of Soc. Sec., 241 F. App'x 631, 635 (11th Cir. 2007).

Plaintiff's age presents a borderline case. She turned fifty-five only thirteen days after the ALJ issued his decision. Pl.'s Br., p. 17. At fifty-five, Plaintiff would be considered of advanced age under the Grids. 20 C.F.R § 404.1463(e). Nevertheless, the ALJ classified Plaintiff as a person approaching advanced age without considering whether her age presented a borderline situation. R. 17. However, the ALJ used a VE instead of the Grids to determine the existence of work Plaintiff could perform. Thus, the ALJ's determination that Plaintiff was approaching advanced age was "inconsequential" to his ultimate disability determination. Miller, 241 F. App'x at 636. Furthermore, Plaintiff did not meet her burden of showing she should be placed in the older age category by offering credible evidence to support her claim her physical ability was more closely associated with the older age category. Hutchinson v. Bowen, 787 F.2d 1461, 1465 (11th Cir. 1986); see also Crady v. Sec'y of Health & Human Servs., 835 F.2d 617, 622 (6th Cir. 1987) (noting "[t]he fact that age categories are not to be applied mechanically, however, obviously does not mean that a claimant must move mechanically to the next age category whenever his chronological age is close to that category").

Finally, Plaintiff argues the ALJ failed to obtain testimony concerning the impact of non-exertional impairments on her ability to do work. (Doc. no. 15, p. 22.) However, Plaintiff fails to state any non-exertional impairments the ALJ should have considered. Since Plaintiff cannot point to any non-exertional impairments in the record, the ALJ cannot be faulted for failing to consider them.

### D. The ALJ Properly Analyzed Plaintiff's Subjective Complaints.

#### 1. The Standard for Evaluating Subjective Complaints.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry

v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).  As explained below, the ALJ properly conducted the Holt analysis and explicitly reached the conclusion that Plaintiff's medically determinable impairments could possibly cause the alleged symptoms, but her subjective complaints concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues the ALJ erred in assessing her credibility as it relates to her subjective complaints by failing to consider her limited activities of daily living, her medications and side effects, and her need to elevate her ankle frequently.  Pl.'s Br., p. 24.  Plaintiff does not attack the ALJ's credibility determination directly but instead argues, because the ALJ did not make an explicit finding regarding these factors, the rest of his credibility determination is invalid.  Id. at 21.  However, an ALJ need not refer to ever piece of evidence in his decision, as long as he considers the record in its entirety.  See Cooper, 521 F. App'x at 808-09.

Here, the ALJ expressly considered Plaintiff's medical condition as a whole, including her alleged inability to "tend to the full spectrum of routine daily tasks," the side effects of her medications, and the swelling in her ankle, in making his credibility determination.  R. 14, 16.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The ALJ found Plaintiff's allegations of severe pain and physical limitations not credible because they conflicted with clinical and diagnostic reports regarding the severity of her conditions. R. 15-16, 353, 359, 423, 426, 499. Plaintiff does not contend these findings were improper or produce any evidence indicating such. Furthermore, the ALJ did not discount all of Plaintiff's allegations. In fact, he explicitly found Plaintiff's allegations regarding several physical impairments credible, limiting Plaintiff from several tasks, including overhead reaching, climbing, and crawling. R. 13. The ALJ incorporated those limitations into his RFC determination. Id.

Although Plaintiff may disagree with the conclusion reached by the ALJ, the credibility determination is supported by substantial evidence.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 12th day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA